SALINA M. KANAI #8096
Federal Public Defender
District of Hawaii

JACQUELYN T. ESSER #9226
Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii 96850
Telephone: (808) 541-2521
Facsimile: (808) 541-3545
Email: Jacquelyn_Esser@fd.org

Attorney for Defendant
DWAYNE YUEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Mag. No. 23-00114 KJM |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Defendant's Opposition to |
| | ) | Government's Motion for Pretrial |
| vs. | ) | Detention |
| | ) | |
| DWAYNE YUEN, | ) | Exhibits A-B |
| | ) | |
| Defendant. | ) | Certificate of Service |
| | ) | |
| | ) | |

**Defendant's Opposition to Government's Motion for Pretrial Detention**

Defendant Dwayne Yuen, by and through Assistant Federal Defender

Jacquelyn T. Esser, hereby submits this Opposition to Government's Motion for

Pretrial Detention and states as follows:

I. **INTRODUCTION AND LEGAL STANDARD**

This matter comes before the Court on the United States' Motion for Pretrial Detention. (*See* ECF No. 6). This is not a presumption case, and the Bail Reform Act (BRA) provides that a judicial officer *shall* order the pretrial release of a defendant on personal recognizance or appearance bond, unless there are absolutely no conditions of release that would *reasonably assure* (1) that the person will return to court and (2) that the person will not pose a danger to the community. 18 U.S.C. § 3142(b).

In deciding whether conditions could reasonably assure the defendant's appearance and the safety of the community, a court considers four factors: "(1) the nature and circumstances of the offense charged …; (2) the weight of the evidence against the person; (3) the history and characteristics of the person …; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

In order to obtain a detention order, the burden is on the government to prove that a defendant is a danger to the community by clear and convincing evidence, or that a defendant is a flight risk by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The weight to be accorded to each factor rests in the Court's discretion. *United States v. Gentry*, 455 F.Supp.2d 1018, 1020 (D.Ariz. 2006). However, the Ninth Circuit has directed that

the weight of the evidence is the least important factor. *Motamedi*, 767 F.2d at 1407.

Consistent with these standards, the Government's motion should be denied. Mr. Yuen is 50 years old with no prior criminal history. He was born and raised in Hawaiʻi with strong community ties. He has a history of being gainfully employed and resides with his elderly mother who he helps care for. Although the possession of child pornography can endanger minor victims and the community at large, any risk of further harm can be mitigated by restrictions imposed by the Court and stringent monitoring by Pretrial Services. *See* 18 U.S.C. § 3142(c)(1)(B).

## II. ARGUMENT

### A. Balance of the § 3142(g) Factors Weighs in Favor of Mr. Yuen's Pretrial Release.

After consideration of the § 3142(g) factors, this Court should release Mr. Yuen on conditions because there are less restrictive conditions other than pretrial incarceration this Court can impose that would reasonably assure his appearance and safety to the community.

*1. The nature and circumstances of the offense charged - § 3142(g)(1).*

Mr. Yuen is charged with one count of possession of child pornography. In evaluating the nature and circumstances of this case, according to the complaint, the minor was 17 years old at the time of the charged conduct and engaged in sexually explicit conversations with Mr. Yuen via text message and Facetime.

There is no allegation of any physical contact between Mr. Yuen and the minor or any threats or use of force or violence. Additionally, the charged offense is not a presumption case requiring Mr. Yuen's detention, and thus, this factor weighs in favor of his release.

2. *The weight of the evidence against the person - § 3142(g)(2).*

In considering the second factor, the Court should weigh the evidence in terms of the likelihood that Mr. Yuen will pose a danger, and not his guilt. *See United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) ("This factor goes to the weight of evidence of dangerousness, not the weight of the evidence of defendant's guilt.") This factor should be treated as the "least important" of the § 3142(g) factors because placing too much emphasis on it is akin to applying a presumption of guilty, which is expressly forbidden under 18 U.S.C. § 3142(j). *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (internal quotation omitted).

Here, the evidence alleges that Mr. Yuen and a 17-year-old sent sexualized text message communications to each other, including explicit photographs. There is no allegation of force or threat of force, and the conversations appear to have been consensual. In fact, it appears that had Mr. Yuen and the alleged 17-year-old victim engaged in consensual *physical* contact, no crime would have occurred under state law because the age of consent for sexual activity in Hawaiʻi is 16.[1]

---

[1] *See* HRS §§ 707-730, 731, 732, and 733.

However, because Mr. Yuen and the alleged victim engaged in sexually explicit *electronic* conversations where the alleged victim allegedly sent sexually explicit images of herself to Mr. Yuen, Mr. Yuen is charged under federal law with possessing sexually explicit images of a child because she was under 18 years old.

  *3. The history and characteristics of the person - § 3142(g)(3).*

  Mr. Yuen is 50 years old. He was born and raised in Hawaiʻi and has lived in this community nearly his entire life. Mr. Yuen resides with his elderly mother at her residence in Mānoa. His mother relies on Mr. Yuen to assist her with her medical needs, including driving her to doctor appointments, performing her grocery shopping, and cooking her meals.

  Moreover, Mr. Yuen has no prior criminal record and has a history of gainful employment. He obtained his master's degree in education and worked as an educator from 2007-2018. He also obtained his real estate license in 2022 and currently works as a realtor.

  As a basis to detain Mr. Yuen in this case, the Government's Memorandum (ECF No. 12) improperly relies on unsubstantiated claims in a prior civil suit which resulted in no criminal charges, no admissions of guilt by Mr. Yuen, and which was settled out of court. Given all of this, the government should not be permitted to use these prior allegations as a basis to argue for Mr. Yuen's detention, nor should the Court use them as a basis to detain him.

*4. The nature and seriousness of the danger to any person or the community - § 3142(g)(4).*

Mr. Yuen concedes that possession of child pornography is harmful to minor victims and to the community. However, any risk of further harm to society can be mitigated by restrictions imposed by the Court which would prohibit Mr. Yuen's contact with minors, subject him to strict monitoring, and restrict his internet and cellphone use. These conditions ameliorate any likelihood of Mr. Yuen engaging in any misbehavior while on pretrial release. *See* 18 U.S.C. § 3142(g)(4).

**B.     The Government Has Not Carried Its Burden.**

The Government has not carried its high burden of proving by clear and convincing evidence that there are no release conditions that will reasonably assure the safety of the community. The Government also has not proven by a preponderance of the evidence that there are no conditions that would reasonably assure Mr. Yuen's appearance in court.

*1. There are conditions of release that will mitigate any risk of danger.*

Here, there are conditions of release that the Court can impose to reasonably assure the safety of the community. As suggested in Mr. Yuen's release plan, the Court should place Mr. Yuen in the third-party custodianship of his mother who agrees to supervise him and to report any violations of his release conditions to the court. Mr. Yuen should further be released on a strict home detention condition enforced by GPS monitoring. The Court should also place restrictions on Mr.

Yuen's use of a computer, the internet, and other messaging applications, and place restrictions on his "personal associations, place of abode, and travel." *See* 18 U.S.C. § 3142(c)(1)(B). Restrictions on associations could include strictly prohibiting any contact with any person under the age of 18 years old and prohibiting him from entering, frequenting, or loitering at/near any location where persons under the age of 18 are present.[2]

The Government argues that even with restrictions on internet and cellphone use, Mr. Yuen could still access and use social media sites and app-based communication methods or obtain a burner phone.[3]

First, *absolute certainty* is not the standard required under the BRA. The BRA requires Mr. Yuen to be released unless there are absolutely no conditions of release that would *reasonably assure* his return to court or the safety of the community. *See* 18 U.S.C. § 3142(b).

Mr. Yuen's proposed release plan satisfies this standard. Mr. Yuen's release plan contains a condition of home detention and GPS location monitoring.[4] If released, he will be restricted to his place of residence. Even if Pretrial Services granted him permission to leave his residence to attend, for example, a medical appointment, his location would be monitored by GPS location monitoring –

---

[2] *See* Ex. A, Mr. Yuen's Release Plan.
[3] *See* Government's Memorandum (ECF 12 at 15).
[4] *See* Ex. A.

rendering it impossible for him to deviate without violating his release conditions. This serves as a strong deterrent factor which directly rebuts the Government's argument in this regard.

Moreover, Pretrial Services will be able to monitor Mr. Yuen's phone activity. If there is any indication that Mr. Yuen is not complying with the Court's order, his bond would be revoked.

Lastly, there is nothing in Mr. Yuen's history to suggest that he will not follow court orders. He has zero criminal history and/or failures to appear at court hearings. Mr. Yuen is keenly aware that his freedom depends on him following the Court's orders, and he is not going to engage in any behavior that will jeopardize that.

   2. *There are conditions of release to mitigate any risk of flight.*

Mr. Yuen is not a flight risk. He was born and raised in Hawaiʻi, and he is the sole caretaker for his elderly mother. The Government argues that Mr. Yuen is a flight risk based solely on the potential prison term and continuing investigation. However, the potential penalty in this case is not a legitimate basis for finding a risk of flight. There is no evidence Congress intended courts to de facto detain any client facing a long prison sentence. Indeed, many federal defendants face long sentences, and the potential penalty is not one of the relevant factors Congress authorized courts to evaluate when considering risk of flight. *See* 18 U.S.C. § 1342(g) (listing as relevant factors (1) the nature and seriousness of the charge, (2)

the weight of the evidence against the defendant, and (3) the history and characteristics of the defendant; *United States v. Friedman*, 837 F.2d 48, 48-49 (2d Cir. 1988)(in "cases concerning risk of flight, we have required *more* than evidence of the commission of a serious crime and the fact of a potentially long sentence to support finding risk of flight")(emphasis added).

The Government's own data show that when release increases, crime and flight do not. In this case, this Court should be guided by the Administrative Office (AO) statistics showing that nearly everyone released pending trial appears in court and does not reoffend. In fact, in 2021, 99 percent of released federal defendants nationwide appeared for court as required and 99 percent were not arrested for new crimes on bond.[5] The bond statistics for this district likewise strongly suggest that Mr. Yuen should be released. In this district, zero percent of released federal defendants committed a new felony or misdemeanor offense while out on bond and a mere 0.0074 percent failed to appear.[6]

### III. CONCLUSION

There is no doubt that Mr. Yuen is charged with a serious offense. That fact, however, does not justify his pretrial detention under the Bail Reform Act. Mr. Yuen has the right to assist in his defense of this case and that right is best served

---

[5] Ex. B, AO Table H-15 (Sept. 30, 2022).
[6] *See Id*. Showing 2 out of 270 federal defendants released failed to appear and zero committing new felony or misdemeanor offenses.

by allowing his pretrial release, with reasonable conditions, to assist his counsel. He will appear for all pretrial proceedings and comply with all court-imposed restrictions.

For these reasons, Mr. Yuen respectfully asks this Court to release him on conditions this Court deems appropriate under 18 U.S.C. §§ 3142(a)-(c).

DATED: Honolulu, Hawai‘i, February 17, 2023.

 /s/ *Jacquelyn T. Esser*
JACQUELYN T. ESSER
Attorney for Defendant
DWAYNE YUEN